## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

|  |  |  |
|---|---|---|
| THOMAS WAYNE FLORENCE, | § | |
| TDCJ No. 01729344, AI 486, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-00081-O-BP |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |
| | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is an Amended Petition for Writ of Habeas Corpus filed by Petitioner Thomas Wayne Florence pursuant to 28 U.S.C. § 2254. ECF No. 13. Petitioner seeks to challenge his state conviction of sexual assault. *Id.* at 2. After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS without prejudice the Amended Petition for Writ of Habeas Corpus (ECF No. 13) as successive.

Petitioner, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his conviction in case 10CR1217 from the 56th District Court in Galveston County, Texas. ECF No. 13 at 2. This is the same conviction that Petitioner challenged in his previous case, *Florence v. Stephens*, No. 3:14-cv-00376 (S.D. Tex. 2014), which is currently pending on appeal. *See Florence v. Davis*, No. 16-40615 (5th Cir.). In the earlier case, Petitioner's

petition for writ of habeas corpus, which was consolidated with his two other then-pending habeas proceedings attacking the same conviction (3:15-cv-00127 and 3:15-cv-00128), was dismissed with prejudice. *Florence v. Stephens*, No. 3:14-cv-00376 (S.D. Tex. 2014) (ECF No. 90). The court determined that Petitioner was not entitled to habeas relief. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). The claims set forth in the instant petition were raised, or could have been raised, in Petitioner's earlier petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because the instant petition is successive, this Court is without jurisdiction to entertain the petition unless leave to file is granted by the Fifth Circuit. *See Crone*, 324 F.3d at 836-37. The District Court may opt to transfer a successive habeas petition to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). However, because the earlier case was already ruled on by the Southern District of Texas and is already before the Fifth Circuit on appeal, the undersigned RECOMMENDS that Judge O'Connor not transfer the instant case and instead DISMISS without prejudice the Amended Petition (ECF No. 13) as successive.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 12, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3